T.C. Memo. 2011-212

UNITED STATES TAX COURT

WILLIAM EDWARD SCHRAMM AND STELLA LOGAN SHERROUSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8938-09.                    Filed August 30, 2011.

William Edward Schramm and Stella Logan Sherrouse, pro sese.

<u>Caroline R. Krivacka</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a $3,913 deficiency in petitioners' 2006 Federal income tax.[1]  After a concession by

---

[1]The deficiency was determined on the basis of respondent's erroneous calculation of petitioners' gross income.

respondent, the amount of the deficiency in dispute is approximately $700. The issues for decision are: (1) Whether William Edward Schramm (petitioner) was a statutory employee[2] of Nova Southeastern University (NSU) during the taxable year 2006; and (2) whether petitioners are entitled to deduct claimed business expenses of $2,785.63 pertaining to petitioner's employment with NSU on Schedule C as profit or loss from a business, or whether such expenses should be reported on Schedule A as itemized deductions for taxable year 2006.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Tennessee.

Petitioner was an adjunct professor at NSU during 2006 and taught online courses in economics. From 1999 to 2007 petitioner taught 4 to 12 online courses per year for NSU. NSU and petitioner entered into a separate employment contract with

---

[2]The term "statutory employee" means an individual described in sec. 3121(d)(3). A common law employee cannot be a statutory employee.

regard to each course that petitioner taught. During 2006 the period of each contract was 6 weeks. As a condition of his employment, NSU required petitioner to follow various employment policies, including a sexual harassment policy, a drug policy, and a conflict of interest policy. NSU paid petitioner a fixed amount for each course that he taught. In 2006 petitioner received $20,000 from NSU.

NSU provided petitioner with a syllabus for each course he taught that specified the material that was to be covered. Petitioner prepared another more detailed syllabus to set forth specifics regarding the class, such as the assignments and examinations. Petitioner established his own work hours and was able to perform his work from any location via a computer with an Internet connection. However, NSU set the course dates, which established the period within which petitioner's classes were to begin and conclude. NSU also supplied the Web site interface that was used for each course petitioner taught and the services necessary to register and enroll students in the courses. Following the completion of a course, petitioner was required to submit to NSU a report that included an evaluation of his students' learning.

NSU issued petitioner a Form W-2, Wage and Tax Statement, relating to his employment with the university during 2006. On the Form W-2, NSU did not check box 13 to indicate that

petitioner was a statutory employee.  NSU withheld Federal income taxes and employment taxes from the wages it paid to petitioner during the 2006 taxable year.

On or about January 3, 2007, petitioner wrote to NSU requesting clarification of his employment status with the university.  On January 8, 2007, NSU's payroll manager, Linda Trosper (Ms. Trosper), sent him a letter advising him that NSU classifies all of its adjunct professors, including petitioner, as employees and not as statutory employees or independent contractors.  NSU's decision regarding the classification of employees was in conformity with an SS-8 ruling[3] the Internal Revenue Service (IRS) issued on June 10, 2003, regarding another adjunct professor who taught online courses at NSU.  In that SS-8 ruling, the IRS determined that the adjunct professor was a common law employee and, therefore, was not a statutory employee. In her letter to petitioner, Ms. Trosper indicated that she agreed with the IRS' decision in the SS-8 ruling to classify adjunct professors as employees.

On their 2006 Federal income tax return, petitioners reported the amounts petitioner received from NSU as business income on Schedule C, Profit or Loss From Business, rather than

---

[3]Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, is used by a firm or worker to request a determination or ruling letter regarding a worker's Federal employment tax status.

on line 7 of the return as wages, salaries, tips, etc.  In addition, petitioners claimed business expenses on Schedule C totaling $2,785.63, which were related to petitioner's employment with NSU.

OPINION

An individual performing services as an employee may deduct expenses incurred in the performance of services as an employee as miscellaneous itemized deductions on Schedule A, Itemized Deductions, to the extent the expenses exceed 2 percent of the taxpayer's adjusted gross income.  Secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a).  Itemized deductions may be limited under section 68 and may have alternative minimum tax implications under section 56(b)(1)(A)(i).

An individual who performs services as an independent contractor is entitled to deduct expenses incurred in the performance of services on Schedule C and is not subject to limitations imposed on miscellaneous itemized deductions.  A statutory employee under section 3121(d)(3)(D) is not an employee for purposes of section 62 and may deduct business expenses on Schedule C.  See Rosemann v. Commissioner, T.C. Memo. 2009-185; see also Rev. Rul. 90-93, 1990-2 C.B. 33.

Petitioners argue that petitioner was an independent contractor or statutory employee in 2006 and is thereby entitled to deduct business expenses on Schedule C.  Respondent contends

that petitioner was a common law employee in 2006 and that his unreimbursed employee expenses are thus properly reportable on Schedule A, subject to the 2-percent-of-adjusted-gross-income limitation.

An individual qualifies as a statutory employee under section 3121(d)(3) only if the individual is not a common law employee pursuant to section 3121(d)(2). See Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 269 (2001); Rosemann v. Commissioner, supra. Section 3121(d)(2) provides that an "employee" is "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee". Because an individual qualifies as a statutory employee only if the individual is not a common law employee, we will first decide whether petitioner was a common law employee of NSU.

Common Law Employee

"Although the income tax treatment of a taxpayer's trade or business expense deductions under section 62(a) depends on whether the taxpayer is '[performing] * * * services * * * as an employee', subtitle A of the Internal Revenue Code does not define 'employee'". Rosato v. Commissioner, T.C. Memo. 2010-39. Under these circumstances, we apply common law rules to determine whether the taxpayer is an employee. Weber v. Commissioner, 103

T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); Rosato v. Commissioner, supra.

Whether an individual is an employee must be determined on the basis of the specific facts and circumstances involved. Profl. & Exec. Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988); Simpson v. Commissioner, 64 T.C. 974, 984 (1975). Relevant factors include: (1) The degree of control exercised by the principal; (2) which party invests in the work facilities used by the worker; (3) the opportunity of the individual for profit or loss; (4) whether the principal can discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; (7) the relationship the parties believed they were creating; and (8) the provision of employee benefits. See Avis Rent A Car Sys., Inc. v. United States, 503 F.2d 423, 429 (2d Cir. 1974); Ewens & Miller, Inc. v. Commissioner, supra at 270; Weber v. Commissioner, supra at 387. We consider all of the facts and circumstances of each case, and no single factor is determinative. Ewens & Miller, Inc. v. Commissioner, supra at 270; Weber v. Commissioner, supra at 387. Although the determination of employee status is to be made by common law concepts, a realistic interpretation of the term "employee" should be adopted, and doubtful questions should be resolved in favor of employment in order to accomplish the remedial purposes

of the legislation involved.  <u>Breaux & Daigle, Inc. v. United States</u>, 900 F.2d 49, 52 (5th Cir. 1990); see <u>Donald G. Cave A Profl. Law Corp. v. Commissioner</u>, T.C. Memo. 2011-48.

    1.  <u>Degree of Control</u>

The degree of control that the principal exercises over the worker has been referred to as the crucial test in making the determination.  See <u>Clackamas Gastroenterology Associates, P.C. v. Wells</u>, 538 U.S. 440, 448 (2003); <u>Rosato v. Commissioner</u>, <u>supra</u>.  The degree of control necessary to find employment status varies with the nature of the services provided by the worker. <u>Weber v. Commissioner</u>, <u>supra</u> at 388; <u>Potter v. Commissioner</u>, T.C. Memo. 1994-356.  To retain the requisite degree of control, the principal need not actually direct or control the manner in which the services are performed; it is sufficient if the principal has the right to do so.  <u>Weber v. Commissioner</u>, <u>supra</u> at 388; <u>Potter v. Commissioner</u>, <u>supra</u>; sec. 31.3401(c)-1(b), Employment Tax Regs.  Where the inherent nature of the job mandates an independent approach, a lesser degree of control exercised by the principal may result in a finding of an employer-employee status. See <u>Potter v. Commissioner</u>, <u>supra</u>; <u>Bilenas v. Commissioner</u>, T.C. Memo. 1983-661 (finding that an untenured college professor who taught on a course-by-course basis was a common law employee of the university).

It is clear that the inherent nature of petitioner's position as an adjunct professor calls for him to follow an independent approach in teaching his classes. However, we believe that NSU either exercised appropriate control over petitioner or had the authority to exercise it in a manner sufficient to render him an employee of the university. For each course petitioner taught, NSU dictated the textbook that he was required to use, the subjects that had to be covered, and the duration of the course. In addition, NSU managed the enrollment of students and supplied the Web site interface used to facilitate instruction in online courses. NSU also required petitioner to follow several of its employment policies, including those dealing with sexual harassment, drug use, and conflicts of interest. It is also of great significance that NSU regarded petitioner as an employee rather than as an independent contractor. See Bilenas v. Commissioner, supra. Although NSU did not supervise the minute details of petitioner's work, we find that it did exercise the requisite degree of control necessary to establish an employer-employee relationship with him. This factor weighs heavily in favor of a finding that petitioner was a common law employee of NSU.

2. Investment in Facilities

The fact that a worker provides his or her own tools, or owns a vehicle that is used for work, is indicative of

independent contractor status. Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 271. In addition, maintenance of a home office is consistent with independent contractor status, although alone it does not constitute sufficient basis for a finding of independent contractor status. Colvin v. Commissioner, T.C. Memo. 2007-157, affd. 285 Fed. Appx. 157 (5th Cir. 2008); Lewis v. Commissioner, T.C. Memo. 1993-635.

NSU bears the cost of maintaining a staff for recruitment, registration, and recordkeeping related to students, and it provides the servers and support required to maintain the online classroom. Petitioner's investment is not substantial, consisting of a computer and office supplies, maintenance of an Internet connection, and the use of a portion of his home as an office. Petitioner's investment in facilities was insubstantial and, thus, insufficient to render him an independent contractor. As a result, we find that this factor is supportive of petitioner's classification as a common law employee.

3. Opportunity for Profit or Loss

The opportunity for profit or loss indicates nonemployee status. Simpson v. Commissioner, supra at 988; Rosato v. Commissioner, T.C. Memo. 2010-39. Petitioner lacked significant opportunity for profit or loss because the amount of pay he received depended only upon the number of classes he taught. See Potter v. Commissioner, supra. The amount petitioner received

for teaching a course was not subject to fluctuation and was paid to him in exchange for his working within predetermined starting and ending dates, which were not subject to change. The fact that the wages petitioner received were not subject to change and that the duration of the classes was fixed left him with no more than a negligible risk of loss. When a worker's risk of loss is negligible, this factor weighs in favor of a determination of employee status. See Colvin v. Commissioner, supra. The greater risk of profit or loss remained with NSU, whose revenue necessarily fluctuated on the basis of the number of students enrolled relative to the costs involved in running a university.

4. Right To Discharge

The employment relationship between NSU and petitioner is governed by a separate contract established for each class section he taught. Copies of the employment contracts were not made a part of the record before the Court. Therefore, we cannot determine with certainty whether the contracts provided the university with the express right to terminate petitioner's employment at any time. However, employers typically have the right to terminate employees at will. Ellison v. Commissioner, 55 T.C. 142, 155 (1970); Colvin v. Commissioner, supra. Furthermore, because the parties entered into a contract for each specific course, NSU could have ended its long-term relationship with petitioner by electing not

to renew the contracts for further courses.  In addition, petitioner has failed to provide any evidence to indicate that NSU would be liable for breach of contract if it chose to terminate the relationship before the contract expired.  As a result, we find that this factor supports the finding that petitioner was a common law employee.

5.  Work Is Part of Principal's Regular Business

Where work is part of the principal's regular business, it is indicative of employee status.  Simpson v. Commissioner, 64 T.C. at 989; Rosato v. Commissioner, supra.  As an educational institution, NSU's regular business involves the education of students and the evaluation of their work.  Petitioner was hired to further NSU's regular business, in that he taught specific courses and then evaluated the students' learning in each course.  Petitioner's services were clearly an important part of NSU's primary business.  Therefore, we find that this factor supports petitioner's classification as a common law employee.

6.  Permanency of Relationship

Permanency of a working relationship is indicative of an employer-employee relationship.  Rosemann v. Commissioner, T.C. Memo. 2009-185.  In contrast, a transitory work relationship may weigh in favor of independent contractor status.  Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 273.

Petitioner was employed by NSU from 1999 to 2007 and taught 4 to 12 online courses per year during that period. Although NSU and petitioner entered into a separate employment contract with regard to each course that petitioner taught, petitioner maintained a consistent employment relationship with NSU over a period of many years. Petitioner and NSU's decision to continually renew petitioner's contract for more courses indicates that a certain level of stability and continuity existed in their employment relationship. Although the contractual arrangement between the parties did not create an explicit permanent employment relationship, the relationship in practice was continuing in nature. Therefore, we find that this factor weighs in favor of petitioner's being classified as an employee. Furthermore, even if we were to determine that this factor supported petitioner's classification as an independent contractor, it alone would not be sufficient to preclude a finding that he was an employee at NSU on the basis of the other factors examined. See Potter v. Commissioner, T.C. Memo. 1994-356.

7. Relationship the Parties Thought They Created

The record indicates that petitioner and NSU considered their relationship to be that of an employer and an employee. NSU withheld Federal income taxes and employment taxes from the wages it paid to petitioner. The withholding of taxes is

consistent with a finding that an individual is a common law employee. Rosato v. Commissioner, T.C. Memo. 2010-39; Lewis v. Commissioner, T.C. Memo. 1993-635. In addition, NSU issued petitioner a Form W-2 for the tax year in question on which it did not check box 13 to indicate an intention to classify petitioner as a statutory employee. Furthermore, NSU's payroll manager personally informed petitioner that the university classified him as a common law employee, before petitioners filed their Federal income tax return.

Altogether it is clear that the parties believed that they had established an employer-employee relationship. This factor weighs in favor of petitioner's being treated as a common law employee.

### 8. Provision of Employee Benefits

Benefits such as health insurance, life insurance, and retirement plans are typically provided to employees by an employer. Weber v. Commissioner, 103 T.C. at 393-394. Petitioner contends that NSU offers such benefits to other categories of workers, but it neither offered nor provided them to petitioner. However, aside from his testimony at trial, petitioner offered no evidence to substantiate his contention. As a result, while we find that this factor supports petitioner's status as an independent contractor, we decline to place much weight on it in making our ultimate determination, on account of

the lack of evidence in the record.  See Potter v. Commissioner, supra.

On the basis of a careful consideration of the foregoing factors, in the light of the facts and circumstances particular to this case, we hold that petitioner was a common law employee of NSU for the taxable year 2006.

Furthermore, because we have found that petitioner was a common law employee of NSU during 2006, we also hold that he was not a statutory employee under section 3121(d)(3).  See Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 269.

Petitioners' Deductions

An individual may deduct unreimbursed employee business expenses as miscellaneous itemized deductions on Schedule A, but only to the extent that the expenses exceed 2 percent of the individual's adjusted gross income.  See secs. 62(a), 67(a) and (b), 162(a).  A statutory employee may deduct business expenses incurred on Schedule C and thereby avoid the Schedule A limitation.  Rosemann v. Commissioner, supra.  Because we have held that petitioner was a common law employee and not a statutory employee of NSU during the 2006 taxable year, petitioners' claimed business expenses of $2,785.63 must be reported on Schedule A as miscellaneous itemized deductions and,

thus, are deductible only to the extent that they exceed 2 percent of petitioners' adjusted gross income.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.